UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL CHIGUIL CHIGUIL,

Petitioner,

v.

KRISTI NOEM et al.,

Respondents.

No.  1:26-cv-01844-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING RESPONDENTS' MOTION TO DISMISS

(Doc. Nos. 1, 11, 13)

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted.  (Doc. No. 13.)  Specifically, the assigned magistrate judge found that the statutory authority governing petitioner's detention is 8 U.S.C. § 1226(a) and that petitioner's on-going detention violates due process.  (*Id.* at 4–11.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 12.)  On April 10, 2026, respondents filed objections to the magistrate judge's findings and recommendations.  (Doc. No. 14.)  Respondents object on the following grounds:

1

(1) petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), not discretionary detention under § 1226(a); (2) pursuant to the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837-38 (9th Cir. 2002), the government has not violated petitioner's due process rights; and (3) at most, petitioner is entitled to a bond hearing pursuant to § 1226(a), not immediate release from respondents' custody. (*Id.* at 1–4.)

With regard to respondents' first objection that petitioner is an "applicant for admission" subject to mandatory detention pursuant to § 1225(b), the undersigned has rejected this argument as applied to similarly situated petitioners on several prior occasions. *See e.g.*, *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) (rejecting respondents' interpretation of § 1225).

With regard to respondents' second objection in which respondents contend that, as in *Barrera-Echavarria*, petitioner is an "applicant for admission" who has not effected an entry into the United States, the court finds instructive the reasoning in *Castillo v. Wofford*, No. 1:25-cv-01586-JLT-HBK, 2025 WL 3466064, at *8 (E.D. Cal. Dec. 2, 2025) where the court rejected the invocation of the entry fiction doctrine where, as here, the petitioner was not placed into expedited removal proceedings.

With regard to respondents' third objection to the recommended relief, respondents argue that even if petitioner is detained pursuant to § 1226(a), the appropriate remedy is a bond hearing where the burden is not placed on respondents, not petitioner's immediate release. (Doc. No. 14 at 3.) Because petitioner was previously released from respondents' custody, the court finds applicable the reasoning of its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a). The court adopts its reasoning expressed in those

2

cases and concludes that due process requires the immediate release of petitioner along with prior notice and a hearing where the burden is placed on respondents to justify any decision to re-detain petitioner.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.  Moreover, the undersigned concludes that none of respondents' objections to those findings and recommendations are well-taken.

For the reasons explained above,

1.    The findings and recommendations issued on April 3, 2026 (Doc. No. 13) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.    Respondents are ORDERED to immediately release petitioner Miguel Chiguil Chiguil, A-File No. 242-441-617, from respondents' custody under the same conditions he was subject to prior to his re-detention;

   b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, unless they provide petitioner with written notice and a pre-deprivation a bond hearing before an immigration judge where respondents have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence.

3.    Respondents' motion to dismiss the petition (Doc. No. 11) is DENIED;

/////

/////

/////

/////

/////

4. The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

5. The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 13, 2026**                          _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4